IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 10-663-5 |
| | : | |
| VINCENT CREWS | : | |

## ORDER-MEMORANDUM

**AND NOW**, this 10th day of November, 2020, upon consideration of Defendant Vincent Crews's Motion for Early Termination of Supervised Release (Docket No. 735), all documents filed in connection therewith, and the Hearing held on September 22, 2020, **IT IS HEREBY ORDERED** that the Motion is **DENIED IN PART AND GRANTED IN PART** as follows:

1. The Motion is **DENIED** insofar as Defendant seeks immediate termination of his supervised release.

2. The Motion is **GRANTED** in that Defendant's supervised release is hereby **REDUCED** from a term of ten years to a term of five years..

On October 19, 2011, Vincent Crews pled guilty pursuant to a Guilty Plea Agreement to Count 5 of Second Superseding Indictment No. 10-663, which charged him with one count of conspiracy to distribute five kilograms or more of cocaine and 50 grams or more of cocaine base between 1986 and November 16, 2007, in violation of 21 U.S.C § 846. We sentenced Crews on September 11, 2012 to 97 months of imprisonment, ten years of supervised release, a fine of $1500, and a special assessment of $100. In a February 11, 2015 Order, we reduced Crews's term of imprisonment to 78 months pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines.

Crews was released from federal custody and commenced supervised release on March 8, 2017.

He has complied with all of the terms of his supervised release, has maintained a stable

residence and employment, and reestablished his ties to his family. He has obtained a commercial driver's license and has been employed as a truck driver for the last year. In addition, he has paid his fine and special assessment in full, and the results of all of the drug tests he has taken while on supervised release have been negative.

Crews has moved for early termination of his supervised release pursuant to 18 U.S. C. 3583(e), which provides that:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)--
>
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice . . . .

18 U.S.C. § 3583(e). Crews maintains that he has satisfied the requirements for early termination of his supervised release because he has completed more than one year of his supervised release and "has faithfully complied with the conditions of supervised release." United States v. Seger, 577 F. App'x 1 (1st Cir. 2014) (per curiam) (noting that the completion of one year of supervised release and compliance with the conditions of supervised release during that time "satisfies the first two prongs of section 3583(e)(1), leaving only the question of whether early termination of . . . supervised release . . . would be in the interest of justice").

The Government opposes the Motion on two grounds. The Government first asserts that Crews waived his right to seek early termination of supervised release in his Guilty Plea Agreement. The Government also argues that Crews is not entitled to early termination of supervised release because he has not demonstrated the existence of exceptional or extraordinary circumstances.

Crews's Guilty Plea Agreement contains the following waiver:

> In exchange for the undertakings made by the government in entering this plea agreement, **the defendant voluntarily and expressly waives all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution,** whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3741, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law. This waiver is not intended to bar the assertion of constitutional claims that the relevant case law holds cannot be waived.

(Guilty Plea Agreement ¶ 9 (emphasis added).) The Government relies on United States v. Goodson, 544 F.3d 529 (3d Cir. 2008), in which the defendant appealed one of the conditions of his supervised release on the ground that the condition was "so broad it is beyond the court's power to order . . . ." The United States Court of Appeals for the Third Circuit affirmed the defendant's sentence, including the condition of supervised release at issue in his appeal, because the defendant had "waived his right to challenge the conditions of his supervised release" when he "waive[d] his right to take a direct appeal of his sentence." Id. at 538 (citing United States v. Perez, 514 F.3d 296 (3d Cir. 2007)). Goodson, however, is not controlling in the instant case because Crews, unlike the defendant in Goodson, does not appeal or otherwise challenge this Court's power at the time of sentencing to impose the conditions (including the duration) of his supervised release. Rather, he has moved pursuant to § 3583(e) for early termination of his supervised release on the grounds that he has complied with those conditions.

The Government also relies on United States v. Laine, 404 F. App'x 571 (3d Cir. 2010) (per curiam), abrogated on other grounds United States v. Melvin, __ F.3d __, 2020 WL 6108619 (3d Cir. Oct. 16, 2020)), in which the Third Circuit found that the appellate waiver provision in a defendant's plea agreement applied to his appeal of the district court's denial of his motion for early termination of supervised release. Id. at 572-73. However, the district court in Laine had denied the defendant's motion for early termination of supervised release on the merits, i.e., based on the seriousness of the defendant's offenses of conviction and the defendant's failure to show

3

the existence of exceptional circumstances, not because the defendant had waived his right to bring such a motion. Id. at 572. Thus, while the Third Circuit determined that the appellate waiver precluded defendant from appealing the district court's denial of his motion, it did not address the issue of whether the defendant's waiver of his appellate rights limited his right to bring a motion for early termination of supervised release in the district court or otherwise limited the district court's consideration of that motion. Id. at 572.

While Crews waived the right to appeal and collaterally attack his sentence in his Guilty Plea Agreement, he did not waive the right to file any other sort of motion with respect to his sentence. The instant motion does not constitute an appeal of Crews's sentence, request reconsideration of his sentence, or ask us to reverse or vacate any part of his sentence. We therefore conclude that the instant Motion for early termination of supervised release pursuant to 18 U.S.C. § 3583(e) does not constitute an appeal or collateral attack of Crews's sentence, which would be covered by the appellate waiver and, accordingly, we conclude that Crews did not waive his right to bring the instant Motion in his Guilty Plea Agreement.

The Government also argues that Crews is not entitled to early termination of his supervised release because he has not established the existence of extraordinary circumstances. The Government again relies on the Third Circuit's non-precedential decision in Laine, in which the court stated that "early termination of supervised release under section 3583(e) should occur only when the sentencing judge is satisfied that something exceptional or extraordinary warrants it" and that "[s]imple compliance with the conditions of supervised release are expected and not exceptional." Laine, 404 F. App'x at 573-74 (citing United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997)). However, last month the Third Circuit reversed course, concluding that such a requirement "finds no support in the statutory text," and holding "that a district court need not find

4

that an exceptional, extraordinary, new or unforeseen circumstance warrants early termination of a term of supervised release before granting a motion under 18 U.S.C. § 3583(e)(1)." United States v. Melvin, No. 20-1158, 2020 WL 6108619, at *3 (3d Cir. Oct. 16, 2020). Thus, while "extraordinary circumstances may be *sufficient* to justify early termination of a term of supervised release, . . . they are not *necessary* for such termination." Id. (citing United States v. Murray, 692 F.3d 273, 279 (3d Cir. 2012)). Nonetheless, the Third Circuit has noted that, "'*[g]enerally*, early termination of supervised release under § 3583(e)(1)' will be proper 'only when the sentencing judge is satisfied that new or unforeseen circumstances' warrant it." Id. (alteration in original) (quoting United States v. Davies, 746 F. App'x 86, 89 (3d Cir. 2018)).

We may grant a motion for early termination of supervised release only if we are "satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." Id. at *3 (citing 18 U.S.C. § 3583(e)(1)). However, we "'enjoy[] discretion to consider a wide range of circumstances when determining whether to grant early termination.'" Id. (quoting United States v. Emmett, 749 F.3d 817, 819 (9th Cir. 2014)). Here, Crews has served three and one-half years of his supervised release and has complied with all of the conditions of his supervised release during that time. Moreover, the terms of his supervised release limit Crews's ability to perform his job because he is required to seek permission from his probation officer before he can drive his truck outside of the Eastern District of Pennsylvania.[1] While Crews's offense was serious, there are numerous other factors that favor a reduction in his term of supervised release, including the lengthy term of imprisonment that he has served, his reconnection with his family, his compliance with all of the terms of his supervised release, his acquisition of a commercial driver license, and

---

[1] We recommend that Crews and his probation officer agree to a modification of the terms of Crews's supervised release that would make it easier for Crews to obtain timely permission to leave the Eastern District of Pennsylvania in connection with his employment.

5

his continued employment, as well as the remaining factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).  Thus, we find that Crews has satisfied the requirements for early termination of his supervised release.  In sum, we conclude that, although there are no extraordinary circumstances that would justify the <u>immediate</u> termination of Crews's supervised release, he has established, through his compliance with the terms of his supervised release, his continued employment, and his payment of all of the financial requirements of his sentence, that the interests of justice do not require that he serve the entire ten-year term of supervised release that we initially imposed in this case.  Accordingly, we deny the instant Motion to the extent that Crews seeks immediate termination of his supervised release, but we grant the Motion insofar as we reduce his term of supervised release from ten years to five years.

BY THE COURT:

/s/ John R. Padova
_____
John R. Padova, J.